## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GRETTA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-1364-JTM-KGG |
| | ) | |
| WESLEY MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES, MOTION FOR APPOINTMENT OF COUNSEL AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint alleging employment discrimination, Plaintiff Gretta Smith has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 4, sealed), with an accompanying Affidavit of Financial Status (Doc. 4-1). She also has filed a Motion for Appointment of Counsel. (Doc. 3.) Having reviewed Plaintiff's motions, as well as her Complaint (Doc. 1), the Court is prepared to rule.

## I.    Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 44 years old and divorced. (Doc. 4-1, at 1.) She lists two "dependents," but both of them are 18 years of age or older. (*Id*., at 2.)

Plaintiff is currently unemployed and was most recently employed by Defendant, earning a sizeable weekly wage. (*Id*., at 2-3.) Modest weekly unemployment benefits are her only current source of income. (*Id*., at 4.)

Plaintiff owns her home, in which she has equity. (*Id*., at 3.) She does, however, have a reasonable monthly mortgage payment. She also owns two automobiles outright, in which she has a sizeable amount of equity. (*Id*., at 4.) She indicates no cash on hand. (*Id*., at 4.) Plaintiff also enumerates reasonable

monthly expenses, including utilities, gas, telephone, cable, automobile insurance, and groceries.  (*Id*.)  Se has never filed for bankruptcy.

Considering all of the information contained in the financial affidavit, Plaintiff has significant yet reasonable monthly expenses with no current income other than unemployment benefits.  Her expenses appear to exceed this income. Given these circumstances, the Court finds that Plaintiff has established that she is entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.     Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

3

the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

While the Court has found that Plaintiff cannot afford counsel (s*ee* § I, above), she has not diligently searched for counsel.  (*See* Doc. 3.)  The form motion to appoint specifically lists spaces for six attorneys to be contacted. Plaintiff has only contacted four.  Often, the Court will require a plaintiff to contact the requisite number of attorneys before ruling on a motion to appoint counsel.  In the present case, the Court finds this to be unnecessary given the remaining *Castner* factors – Plaintiff's capacity to represent herself and the merits of her case. 979 F.2d at 1420-21.

In considering Plaintiff's capacity to represent herself, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex.  *See Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").  The Court sees no basis to distinguish Plaintiff from the many other

untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day.  Further, although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.

Finally, the Court has serious concerns about the viability of Plaintiff's claims.  This subject is addressed in the final section of this Order.

## III.   Sufficiency of Complaint and R&R for Dismissal.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2).  Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. §1915(e)(2).[1]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d),

---

[1]  Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status.  *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).  This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief

through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the

grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

It is well-settled that a plaintiff must exhaust her administrative remedies before bringing a discrimination suit under Title VII and/or the Americans with Disabilities Act.  *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir.1997). The filing of an administrative charge of discrimination with an agency such as the EEOC or KHRC is a prerequisite to this court's jurisdiction to hear a discrimination claim.  *Jones v. Runyon*, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996);  *Shikles v. Sprint/United Management Co.,* 426 F.3d 1304, 1317 (10th cir. 2005).  The Court is satisfied that Plaintiff has exhausted her administrative remedies as she has included her administrative filings, correspondence and reports from the EEOC/KHRC, and her right-to-sue letters as part of her Complaint.  (*See* Doc. 1, at 24-39.)  These documents, however, identify a fatal flaw with Plaintiff's case.

A plaintiff must also file her lawsuit in federal court within a stated period of time after the EEOC has closed its file and issued its right-to-sue letter.  Plaintiff received two right-to-sue letters from the EEOC.  The first is dated November 12,

8

2008 (Doc. 1, at 29), and the other dated on August 27, 2010 (*id*., at 39).  Plaintiff

did not file her federal court Complaint until November 28, 2011 – more than 450

days *after* she received her most-recent notice of right-to-sue from the EEOC.  The

notification from the EEOC clearly and unequivocally states: "Your lawsuit must

be filed **WITHIN 90 DAYS of your receipt** of this notice or your fight to sue

based on this charge will be lost."  (*See* Doc. 1, at 29, 39 (emphasis in original).)

Courts in this District have specifically discussed the strictness of this 90-

day deadline.

> Compliance with the ninety-day requirement is a
> statutory precondition that functions like a statute of
> limitations.  ***Gonzalez–Aller Balseyro v. GTE Lenkurt***,
> Inc., 702 F.2d 857, 859 (10th Cir.1983).  When the
> defendant denies that the precondition has been fulfilled,
> the burden is on plaintiff to prove that suit was filed
> within the required period.  ***Jackson v. Seaboard Coast
> Line R. Co***., 678 F.2d 992, 1010 (11th Cir.1982).  By
> requiring a relatively short filing period, Congress
> intended for claimants to act efficiently and without
> unnecessary delay.  ***Harvey v. City of New Bern Police
> Dep't***, 813 F.2d 652, 654 (4th Cir.1987).  "There is no
> reason to invite abuse of a clear Title VII provision,
> especially where the flexibility to consider equitable
> factors would obviate any potential unfairness to a
> litigant."  ***Million v. Frank***, 47 F.3d 385, 388 (10th
> Cir.1995).  *Cf*., ***Baldwin County Welcome Center v.
> Brown***, 466 U.S. 147, 148, 104 S.Ct. 1723, 1724, 80
> L.Ed.2d 196 (1984) (filing complaint 96 days after
> issuance of right-to-sue letter did not satisfy ninety-day
> requirement); ***Mosley v. Pena***, 100 F.3d 1515, 1518 (10th

9

> Cir.1996) (filing complaint 94 days after plaintiff's
> attorney received right-to-sue letter did not satisfy
> ninety-day requirement).

*Young v. Desco Coatings of Kansas, Inc.*, 179 F.R.D. 610, 613 (D.Kan. 1998).  In the present case, Plaintiff did not even approach the 90-day deadline.  Rather, as stated previously, she waited some 450 days to file her Complaint.

While it is possible that Plaintiff received a more recent right-to-sue letter (one that could fall within the 90 day deadline to file suit), no such letter was attached to Plaintiff's Complaint.  Further, the events described in her Complaint occurred from 2008-2010.  (*See* Doc. 1, at 8.)  Her Complaint also indicates that the only EEOC charges she filed were in 2008 and 2010.  (*Id*.)  Based on the information presented to the Court – and while reviewing that information in the light most favorable to Plaintiff – the August 2010 right-to-sue letter is the most-recently issued letter to Plaintiff.  Therefore, Plaintiff's Complaint was not timely filed and it cannot meet the Rule 12(b)(6) sufficiency standard.  *See Kay*, 500 F.3d at 1217-18.  This Court therefore **RECOMMENDS** to the District Court that Plaintiff's case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed

Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**FURTHER, IT IS RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e).

**IT IS FURTHER ORDERED** that the clerk need not serve the Complaint upon Defendants.  *See Henriksen v. Bentley*, 644 F.2d 852 (10th Cir. 1981).

A copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 30th day of November, 2011.


 s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge