IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G<span/>RETTA E. S<span/>MITH,

   Plaintiff,

   vs.          Case No. 11-1364-JTM

W<span/>ESLEY M<span/>EDICAL C<span/>ENTER, ET. AL,

   Defendants.

MEMORANDUM AND ORDER

This matter arises on Gretta E. Smith's Objection (Dkt. No. 7) to Magistrate Judge Kenneth G. Gale's Report and Recommendation for Dismissal (Dkt. No. 5). For the following reasons, the court adopts the Report and Recommendation.

**I. Legal Standard: Fed. R. Civ. P. 72(b)**

Under Fed. R. Civ. P. 72(b)(2), "a party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations" when the recommendations are dispositive. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." F<span/>ED. R. C<span/>IV. P. 72(b)(3).

**II. Analysis**

Under 28 U.S.C. § 1915(e)(2), the court must screen all cases when a plaintiff is proceeding *in forma pauperis* to determine whether the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. Magistrate Judge Gale conducted the necessary screening and recommends dismissal because Ms. Smith did not file her federal lawsuit within the stated time after the EEOC issued her a right-to-sue letter. Ms. Smith received two right-to-sue letters—November 12, 2008 (Dkt. No. 1, at 29) and August 27, 2010, (Dkt. No. 1, at 39). She did not file her federal Complaint until November 28, 2011, well over a year after she received her most recent right-to-sue letter from the EEOC. As Judge Gale noted:

> Compliance with the ninety-day requirement is a statutory precondition that functions like a statute of limitations. ***Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.***, 702 F.2d 857, 859 (10th Cir.1983). When the defendant denies that the precondition has been fulfilled, the burden is on plaintiff to prove that suit was filed within the required period. ***Jackson v. Seaboard Coast Line R. Co.***, 678 F.2d 992, 1010 (11th Cir.1982).

Dkt. No. 5, at 9; *see also* 29 U.S.C. § 626(e) (2006) ("A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."). Here, Ms. Smith did not file her Complaint within the 90-day period. And she has not provided further information in her Objection showing that she received a more recent right-to-sue letter. Thus, her Complaint was not timely and it must be dismissed.

IT IS ACCORDINGLY ORDERED this 21st day of December 2011, that this court accepts Magistrate Judge Kenneth G. Gale's Report and Recommendation for Dismissal (Dkt. No. 5).

IT IS FURTHER ORDERED that Ms. Smith's case is dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE